UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-P520-S

**CURTIS LAMONTE BENBERRY**                                          **PLAINTIFF**

v.

**DIRECTOR OF LOUISVILLE**                                           **DEFENDANTS**
**METRO CORRECTIONS**, et al

### MEMORANDUM OPINION

Plaintiff, Curtis Lamonte Benberry, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

During the relevant time period, Plaintiff was incarcerated at Louisville Metro Department of Corrections ("Metro Corrections"). He names as Defendants the Director of Metro Corrections, the Medical Department of Metro Corrections, and Metro Corrections. He sues each Defendant officially and individually and requests monetary damages of $1,000,000 at 19% per annum; punitive damages of $2,500,000 at 19% per annum; and "court costs/reasonable attorney fees as applicable." He alleges that on or about June 17, 2004, he contracted methicillin-resistant Staphylococcus aureus ("MRSA") while incarcerated at Metro Corrections, but that, at the time, he was told by Defendants that he had a cold. He alleges that Defendants deliberately misinformed him of his diagnosis because other inmates had already been diagnosed with MRSA, which he alleges can be an airborne contaminate. He further alleges that, after his release from Metro Corrections, he went to three different emergency rooms seeking treatment before finally being diagnosed with MRSA and being treated intravenously and surgically.

Plaintiff also alleges that he was incarcerated again at Metro Corrections on or about June 9, 2005, and that, at that time, he asked to see a doctor because he was unable to eat due to an injury. He further alleges that a Metro Corrections dentist referred him to an oral surgeon but that it took six months for Plaintiff to be taken to see the oral surgeon. He states that the surgeon told him that, due to the delay, extensive surgery would be required because he had suffered a fracture of his jaw, which already had healed in a new position.

Plaintiff previously filed another *in forma pauperis* civil action in this Court, *Benberry v. Metro Corrections Department*, No. 3:06-CV-122-H, based on the same circumstances, which was dismissed with prejudice on initial review because Plaintiff had sued Defendants only in their official capacities and had not alleged a municipal policy relative to the nature of his complaints.[1]

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

---

[1] The complaint in that case was signed on March 2, 2006. It was dismissed by order entered June 1, 2006.

2

has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

## *MRSA claim*

Taking as true the allegations of the complaint, although Plaintiff contracted MRSA on June 17, 2004, he did not discover that he was suffering from that infection until he went to three different hospitals after his release from Metro Corrections. Although Plaintiff does not explain when that diagnosis was made, he states that it occurred before his re-incarceration on or about June 9, 2005. Thus, the Court may assume that, as of June 9, 2005, Plaintiff knew that he was infected with MRSA.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of

limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[;] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 Fed. Appx. 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Under the mailbox rule, this suit was filed on October 11, 2006, the date that Plaintiff states he tendered his complaint to prison officials for mailing. *See Aldridge v. Gill*, 24 Fed. Appx. 428, 429 (6th Cir. 2001). The one-year statute-of-limitations period ran regarding his MRSA claim, at the latest, on June 9, 2006. When Plaintiff filed his first suit, at least 266 days of the limitations period had passed, leaving 99 days in the limitations period. Even assuming that the statute of limitations was tolled for the 91 days that Plaintiff's prior federal case was pending, *cf. Powell v. Jacor Commc'ns Corporate*, 320 F.3d 599, 603 (6th Cir. 2003) (in diversity case, where summons not issued because the complaint was undergoing *in forma pauperis* screening in district court, Sixth Circuit held tolling occurred), Plaintiff's complaint regarding MRSA still is untimely because he waited 132 days after the dismissal of his prior case to file the instant action. Consequently, that claim will be dismissed.

*Fractured-jaw claim against Metro Corrections Medical Department*

Plaintiff sues the Medical Department of Metro Corrections, but names no particular persons; nor does he state that he does not know the names of the particular individuals involved.

4

Under § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689-90 & n.55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). "A prison's medical department is not an entity with a corporate or political existence . . . ." *Hix v. Tenn. Dep't. of Corr.*, 196 Fed. Appx. 350, 355 (6th Cir. 2006); *Sullivan v. Hamilton County Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418 at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued). Consequently, Plaintiff's claims against the Medical Department will be dismissed.

*Fractured-jaw claim against the Director and Metro Corrections*

Benberry sues all of the defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the Director of Metro Corrections in his official capacity are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Similarly, his claims against Metro Corrections are also against the municipality as the real party in interest.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged the existence of a governmental policy or custom relative to the nature of his complaints and claims relating to his fractured jaw. Because Plaintiff does not allege the existence of a direct causal link between a municipal policy or custom and the alleged Eighth Amendment violation, *see Monell*, 436 U.S. at 691, he has failed

6

to state a claim for which relief may be granted against the Louisville Metro government relative to his fractured jaw. *See* § 1997e(c)(2).

### *Fractured-jaw claim against the Director in his individual capacity*

Plaintiff has alleged no facts which show any alleged constitutional violation or any personal knowledge of the alleged constitutional violations on the Director's part. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). To find a supervisor liable, he must have "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff does not set forth any manner in which the Director was personally involved in the alleged deprivations of his constitutional rights. Plaintiff has failed to set forth the basis for a § 1983 action against the Director. *Shehee*, 199 F.3d at 300 ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" (citation omitted)). The fractured-jaw claim against the Director in his individual capacity will thus be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney

4411.009